[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13569
Non-Argument Calendar

_____

D. C. Docket No. 07-00075-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL JOSE PORTILLO-MARQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 11, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Rafael Jose Portillo-Marquez appeals (1) the decision of the district court

denying him a minor-role reduction, pursuant to U.S.S.G. § 3B1.2(b), and (2) the court's low-end guideline-range sentence as substantively unreasonable.  For the reasons set forth below, we affirm.

Portillo-Marquez agreed to serve aboard a freighter that he knew was being used to smuggle cocaine.  The crew consisted of eight other members.  The Coast Guard discovered more than 10,000 kilograms of cocaine hidden on the vessel.  Portillo-Marquez pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possessing with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).  His total offense level was reduced by five levels, after which his Guidelines range was calculated as 135–168 months' imprisonment.  After noting that it had consulted the advisory Guidelines range and 18 U.S.C. § 3553(a) factors, the district court sentenced Portillo-Marquez to 135 months' imprisonment on both counts, to run concurrently.

I.

Portillo-Marquez first argues that he should have been granted a two-level

reduction as a minor participant because (1) there was no evidence suggesting that he knew the amount of drugs involved, (2) the relevant conduct that was attributed to him was far greater than the role he actually played in the offense, and (3) he was less culpable than other participants.

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. Rodriquez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999). Further explaining this standard, we have stated,

> [A] trial court's choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review. . . . So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous.

*Id.* at 945 (citation omitted).

Section 3B1.2 of the Sentencing Guidelines provides for a two-level decrease if the defendant was a minor participant in any criminal activity. U.S.S.G. § 3B1.2. A defendant is a minor participant if he is less culpable than most other participants, but his role cannot be described as minimal. *Id.* cmt. n.5. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002).

In determining a defendant's mitigating role in the offense, the district court

first "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing," and second, "may also measure the defendant's role against other participants, to the extent that they are discernable, in that relevant conduct." *De Varon*, 175 F.3d at 945. Where a drug courier's relevant conduct is limited to his own criminal act, a district court may legitimately conclude that the courier played an important or essential role in that crime. *See id.* at 942–43. Furthermore, "where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *Id.* at 941. Further, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." *Id.* at 943. As to the second prong, "the district court must determine that the defendant was less culpable than *most other participants* in [his] relevant conduct." *Id.* at 944. Moreover, relative culpability is not necessarily dispositive, as none of the participants may have played a minor or minimal role. *Id.*

The district court did not clearly err in denying Portillo-Marquez's request for a minor-role reduction to his offense level because he is being held accountable only for the amount of drugs that are attributable to him personally, and none of

4

the evidence suggests that he played a smaller role in the offense than any of his co-conspirators, except the ship's captain. Accordingly, we affirm as to this issue.

## II.

Portillo-Marquez next argues that his sentence is unreasonable because the district court only considered the amount of drugs involved in the offense, as calculated through the Guideline range, and did not consider any of the other § 3553(a) factors. Moreover, he argues that the amount of cocaine is not related to his culpability because he was only a member of the freighter's crew.

We review a final sentence imposed by a district court for reasonableness. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007) (per curiam). In our reasonableness review, moreover, we apply an abuse-of-discretion standard. *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 594, — L. Ed. 2d — (2007). When reviewing the reasonableness of a sentence, we must consider the factors outlined in § 3553(a) and the district court's reasons for imposing the particular sentence. *See United States v. Williams*, 435 F.3d 1350, 1354–55 (11th Cir. 2006) (per curiam).

While the district court must consider the § 3553(a) factors, it is not required to discuss each factor. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). Rather, "an acknowledgment by the district court that it has

5

considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Id.*

Although we do not presume reasonable a sentence that is within the guidelines range, *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007), we have held that the use of the guidelines remains central to the sentencing process, *Talley*, 431 F.3d at 787. Accordingly, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* at 788. We have recognized that "there is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *Id.*

The district court did not abuse its discretion when it imposed on Portillo-Marquez a 135-month sentence because the record shows the district court did consider the sentencing factors of § 3553(a), as it elicited input from Portillo-Marquez on those factors and it acknowledged taking them into consideration. Portillo-Marquez's sentence at the low end of the advisory Guidelines range was reasonable. Accordingly, we affirm as to this issue as well.

**AFFIRMED.**